S. A. CHRISTIAN V. THE STATE.

No. 15423.   Delivered April 12, 1933.
Reported in 59 S. W. (2d) 166.

376

The opinion states the case.

*C. C. Small,* of Amarillo, *T. H. McGregor,* of Austin, and *David Fitzgerald,* of Memphis, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The indictment charges extortion as defined by article 365, P. C., 1925; penalty assessed at confinement in the penitentiary for two years.

The substantive averment upon which the prosecution is based is that in October, 1929, the appellant wilfully demanded, received, and collected from the state of Texas the sum of $279.00 in money as fees and expenses for arresting and transporting Tol Smith from Galveston county to Hall county, Texas, which money was in excess of the amount due him.

The following is a synopsis of the evidence adduced by the state: By indictment No. 1478, Tol Smith was accused in the district court of Hall county of the offense of theft of property over the value of fifty dollars. On September 12, 1929, a capias for the arrest of Smith was issued, which was returned executed on September 16, 1929, with the sheriff's return attached showing the arrest of Tol Smith on the 14th day of September, 1929, with costs aggregating $109.00, signed S. A. Christian, sheriff, Hall county, Texas. The judge's trial docket showed

that Smith's case was continued on the 30th day of September, 1929, and was dismissed on March 17, 1930.

On the 15th of October, 1929, S. A. Christian presented to the district judge his fee and expense account, which was approved by the judge on the 14th of October, 1929, upon which, on the 25th day of October, 1929, a state warrant was issued to S. A. Christian, sheriff of Hall county. The warrant contained an item as follows:

| No. CASE | NAME | CHARGE | AMOUNT |
|---|---|---|---|
| * | * | * | * | * |
| 1478 | Tol Smith | Theft over fifty dollars | 283.00 |

J. D. May, deputy sheriff of Hall county, arrested Tol Smith in Brownfield, Terry county, Texas, about the 12th of April, 1929. May was with Baskeville, head deputy sheriff under the appellant, who was then sheriff of Hall county. D. H. Arnold, district clerk of Hall county, at the time of the trial, had also served in that position during the administration of the sheriff's office by the appellant. Arnold obtained from the sheriff's office all the papers in the case of Tol Smith, No. 1478, including the indictment, the original capias for the arrest of Tol Smith issued September 12, 1929, and returned September 16, 1929, also the original docket sheet taken by the witness Arnold from the judge's docket, showing entries made by the trial judge, including a memorandum showing a continuance of the case against Tol Smith and the subsequent dismissal of the case. There was introduced in evidence a fee bill containing the following item:

No. 1478     THE STATE OF TEXAS vs. Tol Smith
Charged with offense of Theft over Fifty Dollars
Disposition of case:          continued

---

                                                    Dollars Cts
To 1 Arrest at *Galveston* on 12 day of *Sept*
1929 in *Galveston* County in a * *southern* Direction
from County seat, same being *620* miles distance
from County seat of *Hall* County, @ $3.00 each_____     3.00
To 620 miles going to arrest @ 15c per mile in
a * *south* direction from County seat_____    93.00
To *620* miles returning with prisoner by private
conveyance @ 30c per mile_____186.00

---

J. M. Telford, who assumed the duties of sheriff of Terry county on January 1, 1929, testified that he arrested Tol Smith in Houston, Texas, took him to Brownfield, in Terry county,

and there delivered him (Smith) to two officers from Hall county. The witness collected for himself the fees for the arrest and transportation of Tol Smith, as stated above. The process held by Telford is not described, nor is the offense with which Smith was charged named in Telford's testimony. No felony charge in Galveston county against Tol Smith was described. Upon examination of the records in Galveston county, subpoenaes for Tol Smith had been in the hands of the officers of that county.

The state's reliance was upon circumstantial evidence, and the jury was so informed and instructed.

Among the items of evidence on behalf of the appellant, the following are found: By several witnesses, including Arnold, the district clerk of Hall county, the opinion was expressed that the signature on the return on the process showing the arrest of Tol Smith in Terry county was not that of the appellant. By some of such witnesses it was shown that very much of the sheriff's business during the term of the appellant was conducted by his deputies, notably Baskeville.

The good reputation of the appellant for honesty was vouched for by several witnesses.

In certain bills of exception appellant complains of the reception in evidence of some of the items mentioned above.

The court committed no error in receiving in evidence the capias and return described above, coming from the proper custody and being a part of the papers in the case against Tol Smith awarding the appellant fees not controverted in this appeal.

The fact that the signature upon the return was not in the handwriting of the appellant did not justify the exclusion of the document in evidence. The circumstances attending that transaction warrant the inference that the appellant was cognizant of it. The arrest was made by his deputies and the fees for that arrest accrued to his benefit. See Powell v. State, 269 S. W., 443; Rogers v. State, 11 Texas App., 608. See, also, Wigmore on Evidence (2d Ed.), vol. 5, sec. 2450; also vol. 2, secs. 1217 and 1346.

On the issue presented by the record as to whether the appellant arrested Tol Smith in Galveston and transported him to Memphis in Hall county, it is thought that the testimony of Telford showing that he transported Smith from Houston to Brownfield, in Terry county, where he was delivered to officers representing the appellant as sheriff of Hall county, was not improperly received. Particularly is this regarded sound in

obtained possession of Tol Smith in Brownfield at a time substantially coinciding with the statement of Telford.

Bill of exception No. 3 dealing with the remark of state's counsel, to which objection was made and sustained, is not review of the testimony of Deputy Sheriff May showing that he garded as reversible error. However, in the event of another trial, the repetition of the remark should not be made.

Appellant excepted to the charge of the court upon the ground that the term "wilfully" was not properly defined. In the statute (article 365, P. C., 1925), it is said:

"If any officer or person authorized by law to demand or receive fees of office, shall wilfully collect for himself or for another any fee or fees not allowed by law, or any money as a purported fee for a service or act not done, or any fee or fees due him by law in excess of the fee or fees allowed by law for such service, he shall be confined in the penitentiary not less than two nor more than five years for each offense."

The fifth and sixth subdivisions of the court's charge contain the following language:

"Now, bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt that the defendant, S. A. Christian, on or about October 25, 1929, in the County of Travis and State of Texas, was then and there the duly qualified and acting sheriff of Hall County, Texas, and as such officer was then and there by reason of his said office authorized by law to demand, receive and collect the fees of said office and the said S. A. Christian did then and there unlawfully, extorsively and wilfully, as such officer, demand, receive and collect for himself and from the State of Texas certain money as a purported fee for a service and act not done in this towit:" etc.

"You are instructed that the word 'wilfully' as used in this charge is defined as follows:

" 'Proceeding from a conscious motion of the will; intending the result which actually comes to pass; designed; intentional; malicious.' "

In the case of Thomas v. State, 14 Tex. App., 200, it was said: "When used in a penal statute the word 'wilful' means more than it does in common parlance. It means with evil intent, or legal malice, or without reasonable ground for believing the act to be lawful."

In the case of Trice v. State, 17 Texas App., 43, it was said: "When the word wilful is used in a penal statute to characterize the forbidden act, it means evil intent or legal malice, or with-

out reasonable ground to believe the act to be lawful; and the court charging a jury upon a case involving this question, should, as an essential part of the law of the case, instruct the jury in the legal meaning of the term wilful."

Other judicial expressions to the same effect as those above mentioned will be found in the case of Townsend v. State, 51 S. W. (2d) 696.

The statute penalizes the wilful collection of unearned fees. The intent of the statute is not to penalize an officer who, by mistake, inadvertence, or miscalculation, collects fees to which he is not entitled. Much of the business of the sheriff is performed by his deputies. The account presented in the instant case represents not only the work of the sheriff, but the work of his deputies. Necessarily, in making an account, the sheriff must act, at least in part, upon information from others who perform the work for which the sheriff is to be paid. The account of the sheriff must have the approval of the district judge before it is presented to the comptroller for warrant. In inserting in the statute the term "wilfully" the lawmakers were cognizant of the conditions and circumstances under which the account for fees of the sheriff was to be prepared and verified. His criminality, therefore, is based not upon the collection of fees alone, but upon the "wilful" collection of fees that did not belong to him. The rulings of this court have uniformly insisted that in instucting the jury, there should be left no confusion in their minds as to the meaning of the term "wilfully." In the absence of a clear announcement in the law upon the subject there is danger of confusion regarding the term synonymous with intentional. As stated in the definitions in the cases cited above, the word "wilful," as used in the statute, means with evil intent or legal malice; without reasonable ground for believing the act to be lawful. Legal malice has been defined as meaning a wrongful act done intentionally, without just cause or excuse.

The instruction on the subject given the jury is not deemed sufficient, particularly as it omits any definition of malice, and fails to include in the definition of wilfully the words "without reasonable ground to believe the act to be lawful."

The judgment is reversed and the cause remanded.

*Reversed and remanded.*